UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | No. CR-06-2024-AAM |
| ) v. ) | **ORDER RE** |
| ) NOEL CRUZ, ) | **PRETRIAL MOTIONS** |
| ) Defendant. ) | |
| _____ ) | |

A pre-trial conference was conducted on July 6, 2006. Gregory M. Shogren, Esq., Assistant U.S. Attorney, appeared for the plaintiff. Richard A. Smith, Esq., appeared for the defendant. This order memorializes the court's rulings made in open court.

**Defendant's Motion For Discovery (Ct. Rec. 59)**

Defendant's motion is **DENIED** as moot with the understanding that the government will produce to defendant, prior to trial, the grand jury transcripts, and that the government will comply with its obligations under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), as soon as possible.

**Defendant's Motion To Disclose 404(b) and 609 Evidence (Ct. Rec. 60)**

Defendant's motion is **DENIED** as moot based on the government's disclosure of the 404(b) and 609 evidence it intends to introduce at trial. If necessary, the court will determine at an appropriate time if the evidence should be

**ORDER RE PRETRIAL MOTIONS-      1**

1 admitted for consideration by the jury.

### Defendant's Motion To Suppress Statements (Ct. Rec. 72)

Good cause appearing for the untimeliness of this motion, and defendant's counsel having clarified the nature of this motion in open court, the government shall serve and file a supplemental response no later than **July 10, 2006**, and the defendant shall serve and file a reply no later than **July 12, 2006**.  The motion shall be determined on the briefing, unless the court finds the need for an evidentiary hearing which will be held before commencement of trial on July 17.

### Defendant's Motion To Suppress Identification (Ct. Rec. 62)

Defendant motion is **DENIED**.  There is nothing "impermissibly suggestive" about the photo montage of the six individuals shown to Maria Elena Morales on December 17, 2005, soon after her encounter with the defendant on November 28, 2005.

### Defendant's Motion To Dismiss Count 3 of Indictment (Ct. Rec. 64)

Count 3 charges the defendant with "Aggravated Identity Theft:"

> From on or about November 28, 2005, through and including on or about December 5, 2006, in the Eastern District of Washington and elsewhere, the defendant, NOEL CRUZ, . . . did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, a Wells Fargo Bank Visa credit card bearing the name of J.S., account number XXXXXXXXXX, during and in relation to the offense of bank fraud, Title 18, United States Code, Section 1344, and did aid and abet said offense.
>
> All in violation of Title 18, United States Code, Sections 2 and 1028A.

18 U.S.C. §1028A(a)(1) provides that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment

**ORDER RE PRETRIAL MOTIONS-      2**

>    provided for such felony, be sentenced to a term of imprisonment of 2 years.

Here, the "felony violation" alleged to be in relation to the identity theft is bank fraud, 18 U.S.C. §1344.

Defendant contends that all Count 3 alleges is that he used a stolen credit card to obtain gasoline and that pursuant to recent case law from the Ninth Circuit and the Third Circuit, this is not Aggravated Identity Theft.

In *United States v. Melendrez*, 389 F.3d 829 (9th Cir. 2004), the defendant pled guilty to a single-count indictment charging him with unlawfully producing more than five identification documents in violation of 18 U.S.C. §1028(a)(1), (b)(1)(A)(i) and (ii), and (b)(1)(B). The defendant appealed the enhancement of his offense level under the Sentencing Guidelines. The Ninth Circuit held his sentence was properly enhanced for his use of means of identification to produce or obtain another means of identification. *Melendrez* was cited by the Third Circuit in *United States v. Newsome*, 439 F.3d 181 (3rd Cir. 2006), where the same Sentencing Guideline enhancement provision was at issue. The Third Circuit held the creation of forged driver's licenses and employer IDs for the purpose of making fraudulent bank withdrawals qualified for the enhancement.

The issue in the case at bar does not involve any sentencing enhancement provision under the Guidelines since that stage of the proceedings has yet to be arrived at. What defendant attacks is the ability of the government to charge him with violation 18 U.S.C. §1028A. **§1028A** was not at issue in *Melendrez*. Instead, **§1028** was at issue. *Newsome* also did not involve **§1028A**, but rather a conviction under **18 U.S.C. §371** for conspiracy to defraud the United States.

Based on the language of 18 U.S.C. §1028A, the facts alleged in the indictment are sufficient to charge defendant with Aggravated Identity Theft. It is "aggravated" because defendant is alleged to have possessed and used, without lawful authority, a means of identification, specifically a stolen bank card, in

**ORDER RE PRETRIAL MOTIONS-**     3

1 | relation to a separate felony, that being bank fraud.  Bank fraud, 18 U.S.C. §1344,
2 | is one of the predicate felony offenses that will turn a routine identity theft into an
3 | Aggravated Identity Theft.  18 U.S.C. §1344 is found in Chapter 63 of the U.S.
4 | Criminal Code.  18 U.S.C. §1028A(c)(5) says that "[f]or the purposes of this
5 | section, the term 'felony violation enumerated in subsection (c)' means any offense
6 | that is a felony violation of . . . any provision contained in Chapter 63 (relating to
7 | mail, bank, and wire fraud)."

8 | Defendant's Motion To Dismiss Count 3 is **DENIED**.  Of course, the
9 | government still has the burden of proving beyond a reasonable doubt that the
10 | elements of Aggravated Identity Theft are established.  If it successfully does so,
11 | any issue related to enhancement under the Sentencing Guidelines can then be
12 | addressed.

14 | **IT IS SO ORDERED.**  The District Executive shall forward copies of this
15 | order to counsel.

16 | **DATED** this  7th   of July, 2006.

18 | s/ Alan A. McDonald
19 | ALAN A. McDONALD
    | Senior United States District Judge

**ORDER RE PRETRIAL MOTIONS-    4**